NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLORIA FOCAZIO,<br><br>    Plaintiff,<br><br>  v.<br><br>FIDELITY NATIONAL INDEMNITY INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No. 14-1062 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court upon Plaintiff Gloria Focazio's ("Plaintiff") motion to reopen this case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 6.) On July 7, 2014, the Honorable Joel A. Pisano, U.S.D.J.,[1] dismissed this case without prejudice. Defendant Fidelity National Indemnity Insurance Company ("Defendant") has not appeared in this matter. The Court has carefully considered Plaintiff's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiff's motion is denied.

**I. Background**

  On February 19, 2014, Plaintiff filed a complaint for declaratory judgment against Defendant arising out of an insurance claim resulting from flood loss incurred during Super Storm Sandy, a large storm that hit the northeast region in 2012. (Compl. ¶ 2, ECF No. 1.) On June 27,

---

[1] On March 10, 2015, this case was reassigned to the undersigned. (ECF No. 7.)

2014, the Court issued a notice of call for dismissal pursuant to Rule 4(m) of the Federal Rules of Civil Procedure (the "Notice"). (ECF No. 4.) The Notice stated the case would be dismissed on July 7, 2014, unless Plaintiff established that service was effected within the proper time frame or good cause was shown for failure to do so. (*Id.*) Plaintiff did not respond to the Court's Notice, and on July 7, 2014, the case was dismissed without prejudice. (ECF No. 5.) Five months later, on December 12, 2014, Plaintiff filed a motion to reopen the case, seeking relief from the dismissal pursuant to Rule 60(b). (ECF No. 6.)

## II.  Legal Standard

Under Rule 60(b), courts have discretion to grant a party relief from a final judgment, order, or proceeding. *See* S*hapiro v. Baker*, 646 F. Supp. 1127, 1128 n.1 (D.N.J. 1986) (citing *Greco v. Reynolds*, 416 F.2d 965 (3d Cir. 1969)). Rule 60(b) "applies only to final judgments and orders." *Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 125 (3d Cir. 2004) (internal quotation marks omitted). "Ordinarily, an order dismissing a complaint without prejudice is not a final order unless the applicable statute of limitations would not permit the re-filing of the claims." *Core Commc'ns, Inc. v. Verizon Pa., Inc.*, 493 F.3d 333, 337 (3d Cir. 2007). Rule 60(b)(1) allows the court, on motion, to grant relief to a party from a final judgment or order in the case of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

The Supreme Court has provided four non-exhaustive factors for courts to consider when determining if relief is appropriate under Rule 60(b): "[1] the danger of prejudice to the [non-movant]; [2] the length of the delay and its potential impact on judicial proceedings; [3] the reason for the delay, including whether it was within the reasonable control of the movant; and [4] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993).

In addition, Rule 60(c) requires that a motion under Rule 60(b)(1) "be made within a reasonable time . . . [that is] no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1); *see also Pioneer Inv. Servs.*, 507 U.S. at 393 (stating the court may grant relief, if the fault is "excusable" and the party seeks relief within one year). However, "the one-year period [provided by Rule 60(c)] represents an extreme limit, and the motion will be rejected as untimely if not made within a reasonable time, even though the one-year period has not expired." *Den Be ex rel. Bell v. Hamilton Twp. Mun. Ct.*, No. 07-1588, 2008 WL 5156683, at *3 (D.N.J. Dec. 5, 2008) (citing *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986)). "What constitutes a reasonable amount of time under Rule 60(c) depends on the specific circumstances of the case." *Liguori v. Allstate Ins. Co.*, No. 14-636, 2015 WL 71384, at *2 (D.N.J. Jan. 6, 2015) (citing *In re Diet Drugs Prod. Liab. Litig.*, 383 F. App'x 242, 246 (3d Cir. 2010)).

### III. Analysis

In the present case, upon review of the factors outlined in *Pioneer* and taking into consideration the totality of the circumstances, Plaintiff's motion to reopen this case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is denied.

The Court finds the July 7, 2014 order of dismissal to be a final order because the statute of limitations has expired, barring Plaintiff from refiling the complaint to litigate the matter. *See Balyan v. Baldwin*, 566 F. App'x 175, 176 (3d Cir. 2014) (holding "[a] dismissal without prejudice effectively precludes a plaintiff from refiling suit if any relevant statutes of limitations have expired after filing the original suit"). Pursuant to the National Flood Insurance Act, a suit brought to enforce a policy created by the National Flood Insurance Program ("NFIP") must be initiated within one year of the date on the denial letter. 44 C.F.R. Pt. 61, App. A(2), Art. 7(R) (2011); *see also* 42 U.S.C. § 4011 (authorizing the creation of the NFIP). According to Plaintiff's complaint,

filed on February 19, 2014, the initial filing was within the required one-year suit limitation period. (Compl. ¶ 4.) Plaintiff has not provided the Court with the date of the denial letter; however, assuming that the denial letter was received at the latest possible date for Plaintiff's original filing, the one-year statute of limitations has run. Therefore, the order of dismissal is a final order, and the Court will review the *Pioneer* factors.

First, the Court must determine whether Defendant will be prejudiced. As previously discussed, Plaintiff has not provided the Court with the date Defendant originally denied the insurance claim. See *Liguori*, 2015 WL 71384, at *2 (discussing prejudice being unclear when there is no date to indicate if claim was timely filed). Nevertheless, even if the denial letter was received at the latest possible date, the statute of limitations has clearly run. Accordingly, Defendant would be prejudiced by having to defend a case barred by statute, and this factor weighs against granting relief.

Second, Plaintiff's lack of timeliness in filing the Rule 60(b) motion for relief weighs against reopening the case. The Court issued the Notice on June 27, 2014. (ECF No. 4.) Because Plaintiff failed to respond, the Court dismissed the case on July 7, 2014. (ECF No. 5.) Following the dismissal, Plaintiff took no action for five months. Such a delay does not constitute a "reasonable time" under Rule 60(b). *Compare In re Cendant Corp. PRIDES Litig.*, 235 F.3d 176, 183 (3d Cir. 2000) (holding three-week delay reasonable) *and In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 130 (3d Cir. 1999) (holding two-month delay reasonable), *with Liguori*, 2015 WL 71384, at *2 (holding five-and-a-half-month delay unreasonable) *and In re Diet Drugs Prod. Liab. Litig.*, 383 F. App'x at 246-47 (holding twelve-month delay unreasonable). Thus, this factor weighs against granting relief.

4

Finally, Plaintiff asserts that the delay was due to an inadvertent error caused by her counsel's heavy caseload, related staffing and scheduling conflicts, and protracted time constraints. (Pedro Cert. ¶¶ 4, 7.) The Court does not find that the reasons provided by Plaintiff constitute extraordinary circumstances that outweigh the need for finality in judgments. *See Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 330 (3d Cir. 2012) (holding an attorney's busy caseload does not generally constitute excusable neglect sufficient to justify the failure to comply with a court deadline). Moreover, Third Circuit precedent establishes that "[e]ven when delay results from inadvertence of counsel, it need not be excused." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1307 (3d Cir. 1995) (citing *Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 84 (3d Cir. 1987)).

Plaintiff's counsel in the present case has not demonstrated the good faith required of a reasonably competent attorney to litigate the matter. After filing the initial complaint, Plaintiff allowed 120 days to pass without effecting service of process on Defendant. (ECF No. 4.) Plaintiff subsequently ignored the Court's Notice. In the motion to reopen, Plaintiff then requested additional time to serve Defendant. (*See* Pedro Cert. ¶ 16.) The record does not reflect any efforts whatsoever, even "half-hearted," to serve Defendant. *See Lovelace*, 820 F.2d at 84. Here, Plaintiff's actions highlight a trend in the manner in which Plaintiff's counsel has litigated similar cases.[2] The Court does not view Plaintiff's complete disregard of the Notice and five-month delay in moving to reopen the case as excusable neglect. Therefore, weighing the *Pioneer* factors and

---

[2] *See* Pl.'s Motion, *Pfeifer v. N.J. Re-Ins. Co.*, No. 14-4101 (D.N.J. Jan. 20, 2015), ECF. No. 9; Pl.'s Motion, *Hartley et. al. v. Selective Ins. Co. of Am.*, No. 14-4192 (D.N.J. Dec. 12, 2014), ECF No. 7; Pl.'s Motion, *Hoey v. Am. Bankers Ins. Co. of Fla.*, No. 14-849 (D.N.J. Dec. 9, 2014), ECF No. 6.

in consideration of the totality of the circumstances, the Court denies Plaintiff's motion to reopen the case.[3]

## IV.  Conclusion

For the reasons stated above, Plaintiff's motion to reopen this case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is denied. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** July 31, 2015

---

[3] Plaintiff's Certification in support of her motion references the text of 60(b)(1) and (6). Plaintiff, however, has not provided any legal argument regarding the applicability of Rule 60(b)(6). To the extent that Plaintiff seeks relief pursuant to Rule 60(b)(6), her request is denied. "[A] motion under Rule 60(b)(6) must be fully substantiated by adequate proof." *Liguori*, 2015 WL 71384, at *3 n.3 (quoting *Howard Johnson Int'l, Inc. v. Cupola Enters., LLC*, No. 01-1205, 2006 WL 625210, at *1 (D.N.J. Mar. 10, 2006)). In addition, "Rule 60(b)(6)'s catchall provision provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *44A Trump Int'l, Inc. v. Russell*, 546 F. App'x 103, 105 (3d Cir. 2013) (internal quotation marks omitted). Notably, "extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." *Id.* (citing *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008)). Here, Plaintiff did not demonstrate extraordinary circumstances that would justify relief pursuant to Rule 60(b)(6).